```
1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JOANN M.. SWANSON (CSBN 88143)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CSBN 154364)
   Assistant United States Attorney
4
     150 Almaden Blvd., Suite 900
5    San Jose, California 95113
     Telephone: (408) 535-5082
6    FAX: (408) 535-5081
     claire.cormier@usdoj.gov
7
   Attorneys for Federal Respondents
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT S. ZABALA,          ) | Case No. C 06-02810 JW |
| Petitioner,                ) | |
|                            ) | **STIPULATION OF SETTLEMENT RE ATTORNEYS' FEES AND [PROPOSED] ORDER** |
| v.                         ) | |
|                            ) | |
| MICHAEL W. HAGEE, Commandant of the United States Marine Corps, PAUL K. LEBIDINE, Lieutenant Colonel of the Marine Corps, DOES 1 - 20 inclusive, ) ) ) ) ) | |
| Respondents.               ) | |

On March 29, 2007, this Court entered an Order Granting Writ of Habeas Corpus. Shortly thereafter, petitioner's attorney advised that petitioner would be seeking attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Though respondents do not concede that plaintiff would be entitled to such fees, the parties wish to settle this matter without further action by the Court.

THEREFORE, IT IS HEREBY STIPULATED by and between the parties to this action as follows:

1. The parties do hereby agree to settle and compromise the above-described claim for attorneys' fees and costs under the terms and conditions set forth herein.

2. The parties have agreed that respondents will pay the sum of $8,750.00 in fees and costs claimed by petitioner relating to this action.  Except for that amount, all parties will pay their own fees and costs.

3. The parties agree that they will not seek reconsideration of the Court's decision on the petitions in this action, nor will they seek to appeal the decision.

4. Petitioner and his attorneys hereby agree to accept the sum of $8,750.00 in full settlement and satisfaction of petitioner's claims for attorneys' fees and costs in this action, including but not limited to attorneys' fees and costs pursuant to EAJA.

5. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.  This settlement does not constitute an admission of liability or fault on the part of the respondents or an admission that petitioner is entitled to attorneys' fees and costs under EAJA.

6. It is the intent of the parties that payment of the settlement amount will be made by electronic deposit into the bank account for petitioner's attorney.  Petitioner's attorney will promptly provide the necessary information relating to that account.  If for any reason electronic deposit is not possible or practical, payment of the settlement amount will be made by check payable to "Stephen L. Collier, Attorney."

7. Upon approval of this settlement by all parties and the Court, and upon receipt of petitioner's attorney's banking information, respondents' counsel will promptly submit to the United States Marine Corps all documentation required for payment of the settlement amount, and will promptly respond to any requests for further information relating to this settlement.

8. In consideration of the payment set forth in paragraph two, above, petitioner, on behalf of petitioner and his respective heirs, successors and assigns, hereby releases and forever discharges respondents Michael W. Hagee, Commandant of the United States Marine Corps, Paul K. Lebidine, Lieutenant Colonel of the Marine Corps, the United States Marine Corps, the United States Department of the Navy, the United States of America, its political subdivisions, its officials, officers, agents, and employees from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether

1. suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in petitioner's pleadings in these actions, including but not limited to any and all claims for attorneys' fees and expenses relating to the proceedings in this action.  Notwithstanding the foregoing, petitioner reserves and does not release the right to any relief granted him by this Court's Order Granting Writ of Habeas Corpus, and retains any and all rights to enforce that order, including the right to seek attorneys' fees necessitated by such enforcement actions. Petitioner does not release any rights he may have to veterans or other military benefits resulting from his military service and/or discharge, or to correct his military record.

9. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Petitioner, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law, save those rights reserved herein.  Petitioner understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, the Agreement shall be and remain effective notwithstanding such material difference.

10. This agreement is in no way related to or concerned with income or other taxes for which petitioner or his attorneys are now liable or may become liable in the future as a result of this agreement.

11. Petitioner warrants and represents that no other action with respect to his attorneys' fees and expenses relating to the proceedings in this case are pending or will be filed with any other court, legislative body, or administrative agency.  Petitioner further warrants and represents that he has made no assignment or transfer of his claim for attorneys' fees and expenses.

12. This agreement is for the purpose of settling this case and for no other purpose. Accordingly, this agreement shall not bind the parties, nor shall it be cited or otherwise referred

to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. Should any dispute arise with respect to the implementation of the terms of this Agreement, petitioner shall not seek to rescind the Agreement. Petitioner's sole remedy in such a dispute is an action, motion, or hearing to enforce the Agreement in District Court. The parties agree that the District Court will retain jurisdiction over this matter for the purposes of resolving any dispute regarding this agreement or any alleged breach of this Agreement, including but not limited to unreasonable delay in the payment of the settlement amount.

15. Petitioner's and respondents' counsel represent that they have been and are authorized to enter into this settlement agreement on behalf of the parties.

16. This settlement agreement may be signed in counterparts.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: May 23, 2007                SCOTT N. SCHOOLS
                                   United States Attorney


                                   _____/s/_____
                                   CLAIRE T. CORMIER
                                   Assistant United States Attorney


DATED: May 22, 2007                _____/s/_____
                                   STEPHEN L. COLLIER
                                   Attorney for Petitioner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATE: ___ May 31 2007 _____        _____
                                     JAMES WARE
                                     United States District Judge